UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GAYLE E. PLOCH,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-373

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' full consent. Doc. 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 4),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed an application for SSI on March 11, 2013. PageID 32. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, Type 2 diabetes, and diabetic neuropathy. PageID 34.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of her applications, Plaintiff received a hearing before ALJ Lloyd Hubler on July 10, 2015. PageID 44-88. The ALJ issued a written decision on August 5, 2015 finding Plaintiff not disabled. PageID 29-39. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium exertional work,[2] "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform[.]" PageID 38.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 23-26. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 32-39. Plaintiff, in her Statement of Errors, does not summarize the evidence of record. Doc. 11 at PageID 427-30. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence. Doc. 12 at PageID 432. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ.

---

[2] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.* § 416.967(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id.* Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) discrediting her testimony at the hearing based on her family's economic condition; and (2) finding her "not entirely credible." Doc. 11 at PageID 428-29. The undersigned finds no merit to either of Plaintiff's claims.

Plaintiff specifically argues that the ALJ's conclusion – that "the evidence of record suggests that the claimant's family has had recent financial difficulties, which may have been precipitous for the claimant's application" – impermissibly relied on her economic situation in determining her credibility. Doc. 11 at PageID 428. However, even assuming, *arguendo*, that the ALJ erred in considering Plaintiff's recent financial difficulties, the Court finds such error harmless in light of the other significant reasons the ALJ relied upon in discussing Plaintiff's credibility. *See Duffie v. Colvin*, No. 3:14-CV-394, 2016 WL 815161, at *7 (S.D. Ohio Mar. 2, 2016) (citing *Wolfe v. Comm'r of Soc. Sec.*, No. 3:14-cv-4, 2015 WL 4554168, at *8 (S.D. Ohio Mar. 24, 2015); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (noting that "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such [error] is deemed harmless and does not warrant reversal")).

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; and thus accurately determined Plaintiff's RFC.

# IV.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**;

2. This case be **CLOSED**.


Date:       8/14/2017                     s/ Michael J. Newman
                                         Michael J. Newman
                                         United States Magistrate Judge